IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Evelyn Parra, Arturo Gonzalez, Jose Calderon, and Angel Calderon, *on behalf of themselves and others similarly situated*,<br>    Plaintiffs,<br><br>        v.<br><br>Marathon Systems, Inc., Richard L Muck and Glenn Muck,<br>    Defendants | Case No. 18-cv-5591<br><br>Jury Demanded |

## COMPLAINT

Plaintiffs, as a Complaint against Defendants, allege the following:

## INTRODUCTION

1.    This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

2.    This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/9, on behalf of a class of maintenance workers represented by named Plaintiffs Evelyn Parra, Arturo Gonzalez, Jose Calderon, and Angel Calderon.

3.    In violation of the FLSA, Defendants failed to pay Plaintiffs and other similarly situated workers for all hours they worked, and also failed to pay overtime compensation at the rate of one and one-half times the regular rates of pay for all hours

1

worked in excess of forty in a workweek. Defendants similarly violated the IMWL by failing to pay Plaintiff and similarly situated workers overtime compensation at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked. Defendants further violated the IWPCA by taking unauthorized deductions from employees' wages without obtaining written authorization at the time the deductions were made.

4. As a remedy for Defendants' acts, Plaintiffs seek relief, on behalf of themselves and similarly situated workers, including unpaid wages, unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiffs' FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiffs Evelyn Parra, Arturo Gonzalez, Jose Calderon, and Angel Calderon reside in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e), 820 ILCS 105/3(d), and 820 ILCS 115/2. Plaintiffs have signed and filed,

along with this Complaint, consents to sue pursuant to 29 U.S.C. § 216(b).

9. Defendant Marathon Systems, Inc. ("Marathon"), is a Wisconsin corporation which conducts business in Illinois.. Defendant Marathon offers maintenance services to its clients.

10. Defendant Marathon is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant herein, Defendant Marathon was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

12. Defendants Richard L. Muck and Glen Muck are responsible for oversight of Marathon's business operations. At all times relevant herein, Defendants Richard L. Muck and Glen Muck were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the IWPCA, 820 ILCS 115/2.

13. Defendants Marathon, Richard L. Muck, and Glen Muck collectively employed Plaintiffs and similarly situated workers within the meaning of the FLSA, the IMWL, and the IWPCA and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

14. During the 3-year period prior to the filing of this Complaint, Plaintiffs and similarly situated persons worked for Defendants.

15. At all times relevant, Plaintiffs and similarly situated workers were required to report each workday to the Defendants' headquarters.

16. At all times relevant, Plaintiffs and similarly situated workers were assigned to work at

various locations performing maintenance for clients of Defendant Marathon.

17. At all relevant times, and on a customary and regular basis, Plaintiffs and similarly situated employees worked hours for which they were not compensated – the hours did not appear on their pay stubs and they were not paid for these hours.

18. At all relevant times, and on a customary and regular basis, Plaintiffs and similarly situated employees worked worked in excess of 40 hours in a workweek.

19. At all times relevant, Defendants in addition to not paying them for all hours they worked also failed to pay Plaintiffs and similarly situated workers overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

20. Defendants deprived Plaintiffs of their ability to take meal breaks and instead Plaintiffs spent this time performing work duties.

21. Plaintiffs, and on information and belief, similarly situated workers, were subjected to payroll deductions, even though they did not provide contemporaneous written authorization for such deductions and in fact had no idea what the alleged basis or purpose of the deductions were.

22. At all times relevant, Plaintiffs worked with others similarly situated. On information and belief, the potential collective action and class action of similarly situated employees includes 20 to 60 laborers who suffered the same or similar violations as those described above.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring Counts I and II of this action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue

("the FLSA Class").

24. The FLSA Class, of which Plaintiffs are members, and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All maintenance workers employed by Marathon Systems, Inc., Richard L. Muck, and Glenn Muck to perform maintenance work at any time from August 15, 2015, through the present who were not paid for all hours they worked and/or overtime pay.

25. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, aver that it consists of at least 20 persons.

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.§ 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid overtime wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring Counts III, IV, and V of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of themselves and other members of the Rule 23 Class defined as:

> All maintenance workers employed by Marathon Systems, Inc., Richard L. Muck, and Glenn Muck to perform maintenance work at any time from August 15, 2015, through the present who were not paid for all hours they worked or overtime pay and/or who had unauthorized deductions from their pay.

28. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Class, but upon information and belief, avers that it consists of at least 30 persons and that most do

5

not speak English as a first language, are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

29. There are questions of law or fact common to the Class, including but not limited to the following:

    a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiffs and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

    b. whether Defendants violated 820 ILCS 115/9 by taking unlawful deductions from named Plaintiffs and other Class members'; and

    c. whether Defendants Richard L. Muck and Glenn Muck were "employers" of Plaintiffs and other Class members pursuant to the IMWL and IWPCA.

30. The claims brought by Plaintiffs are typical of the claims of other members of the Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

31. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiffs' counsel has broad experience in handling class action litigation, including wage- and- hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

32. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast,

certification of the claims in Counts III,IV, and V pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

## COUNT ONE
## FLSA - FAILURE TO PAY MINIMUM WAGE

34. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

35. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay wages to Plaintiffs at the minimum hourly rate. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206(a)(1)(c).

36. During the course of Plaintiffs' employment with Defendants, Plaintiffs were owed wages which were never paid. Their pay stubs did not reflect the actual number of hours worked and they were only paid for the hours they worked. This resulted in their earning less than the minimum hourly wage for those periods of time for which they were not compensated.

37. Plaintiffs also were not allowed breaks.

38. Pursuant to 29 U.S.C. §206(a)(1)(c), Plaintiffs were entitled to be compensated at the minimum hourly wage prevailing in the location which they worked.

39. Defendants failed to pay Plaintiffs at all for several weeks of work and in so doing failed to pay them the minimum hourly wage.

40. Defendants' failure to pay Plaintiffs wages violated the FLSA, 29 U.S.C. § 206(a)(1)(c) Defendants willfully violated the FLSA by failing and refusing to pay Plaintiffs wages for all time worked.

41. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay wages, and refusal to pay when demand was made, was a willful violation of the FLSA, 29 U.S.C. §206(a)(1)(c).

## COUNT TWO
## FLSA -OVERTIME

42. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

43. Defendants' practice and policy of not paying Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

44. As a result of Defendants' practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

45. Defendants' violations of 29 U.S.C. § 207 were willful.

46. Defendants jointly employed Plaintiffs sand similarly situated workers pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) for pursuit of the claims asserted in Counts I and II;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" in to this litigation by filing written consent to sue;

C. Award Plaintiffs and similarly situated workers who file written consent to sue their unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

D. Award Plaintiffs and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b);

  E. Award Plaintiffs and the Class pre- and post-judgment interest at the statutory rate;

  F. Order such further and additional relief as this Court deems just and proper.

## COUNT THREE
## IMWL -MINIMUM WAGE VIOLATION

47. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

48. Count two arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for Defendants' failure to pay, at the minimum hourly rate, wages due to Plaintiffs.

49. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

50. Defendants failed to pay Plaintiffs at all for several weeks of work Pursuant to 820 ILCS 105/4, Plaintiffs were entitled to be compensated at the minimum hourly wage prevailing in the location which they worked.

51. Defendants' failure to pay Plaintiffs wages violated the IMWL, 820 ILCS 105/4. Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked even after numerous demand were made upon them.

52. Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

## COUNT FOUR
## IMWL - OVERTIME

53. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

54. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee

receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

55. Defendants' practice and policy of not paying Plaintiffs and other members of the Class overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

56. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiffs and other members of the Illinois Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

57. Defendants jointly employed Plaintiffs and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations

## COUNT FIVE
## IWPCA – UNAUTHORIZED DEDUCTIONS FOM WAGES

58. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

59. The IWPCA, at 820 ILCS 115/9, provides that "deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made."

60. Defendants' practice and policy of taking deductions from Plaintiffs' and other Class members' pay without obtaining contemporaneous written authorization violated 820 ILCS 115/9.

61. As a result of Defendants' violation of 820 ILCS 115/9, Plaintiffs and other members of the Class have been damaged in that their wages have been reduced as a result of unauthorized deductions pursuant to 820 ILCS 115/9.

62. Defendants jointly employed Plaintiffs and other members of the Class pursuant to the IWPCA and are jointly and severally liable for the IWPCA violations.

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

    A.     Issue an order certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for pursuit of the claims asserted in Counts III, IV, and V;

    B.     Award Plaintiffs and the Class actual damages for unpaid wages, unpaid overtime compensation and unauthorized pay deductions;

    C.     Award Plaintiffs and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL and IWPCA pursuant to 820 ILCS 105/12, and 820 ILCS 115/14(a);

    G.     Award Plaintiffs and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 820 ILCS 105/12, and 820 ILCS 115/14(a); and

    H.     Award Plaintiffs and the Class pre- and post-judgment interest at the statutory rate;

    I.     Order such further and additional relief as this Court deems just and proper.

'

                        Respectfully submitted
                            /s/ Jorge Sanchez
                               Jorge Sanchez

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Counsel for Plaintiffs
August 15, 2018