## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Evelyn Parra, Arturo Gonzalez, Jose Calderon, and Angel Calderon, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>  v.<br><br>Marathon Systems, Inc., Richard L. Muck and Glenn Muck<br><br>    Defendants. | Case No. 18-cv-5591<br><br>Honorable Andrea R. Wood |

### DEFENDANTS' MANDATORY INITIAL DISCOVERY RESPONSES

  Defendants Marathon Systems, Inc., Richard L. Mock and Glenn Mock (collectively "Marathon " or "Defendants" ) pursuant to the Northern District of Illinois' Standing Order Regarding Mandatory Initial Discovery Pilot Project, provides the following responses to mandatory initial discovery requests based on information reasonably available at this time following a good-faith inquiry. Defendants reserves the right to further supplement, amend, or otherwise modify these disclosures, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Illinois, or any applicable scheduling order of the Court, if necessary, as discovery and investigation continue. By making this disclosure, Defendants does not admit or represent that any information disclosed herein is relevant, admissible in evidence, or non-privileged.

  1. State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.

  **RESPONSE**: Defendants believe the following persons are likely to have discoverable information relevant to the claims and defenses in this case:

- Richard L. Mock, Marathon Systems, Inc., President: Mr. Mock is knowledgeable about the payroll, timekeeping, scheduling, and recordkeeping policies and procedures of Defendants. Mr. Mock may be contacted through Defendant's counsel.

- Wlodek Zawadzki, Marathon Systems, Inc., Operations Manager: Mr. Zawadzki is knowledgeable about the payroll, timekeeping, scheduling, and recordkeeping policies and procedures of Defendants. Mr. Zawadzki is also the primary contact person for Plaintiff's communications with Defendants regarding any payroll, timekeeping, or scheduling issue. Mr. Zawadzki may be contacted through Defendant's counsel.

- Luke Gorka, Marathon Systems, Inc., Lead Supervisor: Mr. Gorka is knowledgeable about Plaintiff's job performance and attendance. Mr. Gorka may be contacted through Defendant's counsel.

- Heidi Ceron, Marathon Systems, Inc., Field Supervisor: Ms. Ceron is knowledgeable about Plaintiff's job performance and attendance. Ms. Ceron may be contacted through Defendant's counsel.

- Burtine Bello, Marathon Systems, Inc., Field Supervisor: Mr. Bello is knowledgeable about Plaintiff's job performance and attendance. Mr. Bello may be contacted through Defendant's counsel.

The foregoing is merely a list of witnesses that Defendants believe may have knowledge and/or information that Defendants may use to support its claims or defenses. As discovery

continues, and after Defendants have a reasonable opportunity to review documents produced in discovery, Defendants reserve the right to further supplement this list. In addition, all witnesses, including expert witnesses, will be identified in accordance with the Federal Rules of Civil Procedure and/or the Court's applicable scheduling order.

2. State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses. Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control. If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

**RESPONSE**: Defendant does not believe there are any individuals who have given written or recorded statements relevant to any party's claims or defenses. Plaintiff's claims are premised on the assertion that Plaintiff's worked time for which they were not compensated and that Defendant's made impermissible payroll deductions. These are threshold factual questions.

3. List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses. To the extent the volume of any such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity. Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control. For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on the date of the response, instead of listing them. Production of ESI will occur in accordance with paragraph C.2 below.

**RESPONSE**: Defendant uses Paychek of New York, LLC software along with Clock Shark phone application for timekeeping. Mr. Zawadzki, identified above, has information pertaining to this technology.

The following documents and ESI are in the Defendant's control:

- Timekeeping/payroll records;

3

MIL-29488053-2

- Employee files and records;

- Business records including handbooks and company policies and procedures;

- Business email accounts including email correspondences transmitting scheduling, timekeeping, payroll, and discipline communications between Plaintiffs and Defendants; and

- Business phone records including text messaging correspondences transmitting scheduling, timekeeping, payroll, and discipline communications between Plaintiffs and Defendants.

The Defendants will produce the relevant portions of the aforementioned documents and ESI after entry of an appropriate protective order.

4. For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.

**RESPONSE**: The Defendants contend that Plaintiffs were compensated for all hours worked in compliance with all federal, state, and local laws. All of Plaintiffs' time worked appeared on their pay stubs and they were paid for those hours. Plaintiffs never worked in excess of forty (40) hours in a workweek, therefore, no overtime premium wages were due or owed. Plaintiffs worked no more than five (5) hours per day and thirty-five (35) hours per week. Defendants never deprived Plaintiffs of their ability to take breaks. Plaintiffs reported directly to their assigned worksite, not Defendants' headquarters, to begin their shift. Plaintiffs were largely unsupervised and could generally organize their own workday. Defendants did not take any unauthorized deductions from Plaintiffs' pay. Plaintiffs do not have a valid class or collective of similarly situated employees to sustain a class or collective action.

5. Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered. You may produce the documents or other evidentiary materials with your response instead of describing them.

**RESPONSE**: Defendant makes no claim for damages in this action.

6. Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment. You may produce a copy of the agreement with your response instead of describing it.

**RESPONSE**: There are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgement in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Date: October 5, 2018

By: s/Erik K. Eisenmann
Erik K. Eisenmann
WI State Bar No. 1081410
**HUSCH BLACKWELL LLP**
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
Telephone: 414.273.2100
Erik.Eisenmann@huschblackwell.com

and

Thomas P. Godar    *Pro Hac Vice*
Robert W. Sanders    *Pro Hac Vice*
**HUSCH BLACKWELL LLP**
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
Telephone: 414.273.2100
Robert.Sanders@huschblackwell.com
Thomas.Godar@huschblackwell.com

***Attorneys for Defendants Marathon Systems, Inc., Richard Mock and Glenn Mock***

I certify that these responses are complete and correct as of this 5th day of October, 2018.

                Marathon Systems, Inc.

                By: _____

Subscribed and sworn to before me
this 5th day of October, 2018.

_____
Notary Public, State of Illinois
My commission expires: 1/3/2020



Richard L. Mock.

                By: _____

Subscribed and sworn to before me
this 5th day of October, 2018.

_____
Notary Public, State of Illinois
My commission expires: 1/3/2020

MIL-29488053-2 824360/9